## Court of Oyer and Terminer—Oswego County.

*October,* 1884.

## PEOPLE *v.* COOPER.

### INDICTMENT FOR ASSAULT IN SECOND DEGREE.

An indictment under subdivision 5 of section 218 of the Penal Code, which does not allege that the assault was committed with the "*intent*" therein specified, does not contain sufficient to show an assault in the second degree.

An allegation in such indictment that the person assaulted was in the execution of a "lawful process or mandate," is insufficient, the lawfulness being a mere conclusion which must be supported by facts set forth in the indictment, showing, that the mandate or process was lawful.

Where an indictment attempts to set forth an assault in the second degree, but does in fact only show an assault in the third degree, it is not demurrable.

DEMURRER by defendant, Alonzo Cooper, to an indictment for assault in the second degree, upon the ground that the facts stated therein do not constitute a crime.

*N. B. Smith,* district-attorney, for the people.

*D. P. Lester*, for defendant.

Vann, J.—The indictment in this case accuses the defendant of the crime of assault in the second degree, and alleges that on September 28, 1884, at the city of Oswego, the defendant, with force and arms, wrongfully and willfully assaulted one John Garrahan, a duly elected, qualified, and acting constable of said city, at the time lawfully engaged in the performance of his duties as such, and in the execution of a lawful process or mandate duly delivered to him for execution, as such constable; and that the defendant did feloniously, willfully, wrongfully, and violently resist and interfere with said Garrahan while thus engaged. To this indictment the defendant demurs upon the ground that the facts stated do not constitute a crime.

Section 218 of the Penal Code, so far as it is applicable to this case, provides, that a person who, under circumstances not amounting to the crime of assault in the first degree, " assaults another, with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself or of any other person," is guilty of assault in the second degree. *Penal Code*, § 218, subd. 5. The word " intent " in this subdivision applies to every part thereof, and the assault must be committed with the intent specified, in order to constitute the offense described. The implied prohibition of the subdivision extends to three classes of acts : First. An assault with intent to commit a felony ; Second. An assault with intent to prevent or resist the execution of any lawful process or mandate of any court or officer; Third. An assault with intent to prevent or resist the lawful apprehension of the accused or of any other person. This classification does not depend upon the nature of the assault, whether mild or severe, but upon the intent with which the assault is committed. Even the character of the person assaulted, whether official or otherwise, is no element of the offense, except as official power may be essential to the execution of lawful process, or to the legality of the arrest or detention. To constitute the offense, therefore, there must be, in addition to an actual assault, the intent to do one of the

other unlawful acts mentioned in the statute. Hence, in describing the crime in an indictment, this intent is as essential as the assault. Each is vital. Without the assault there is no offense whatever, and without the intent to commit something besides an assault the crime is of a lower grade. As the indictment in question does not allege that the defendant, in committing the assault, intended to do one of the other prohibited acts, it fails to set forth the crime of assault in the second degree.

The allegation that the person assaulted was engaged in the execution of " a lawful process or mandate " also seems defective. Whether the process was lawful or not, depended upon certain facts of which the defendant had a right to notice, but which are not set forth in the indictment. It is a mere conclusion to plead that the process was lawful. The defendant, at least, had the right to know the general nature of the process or mandate, the date when it was issued, and by what court or officer, so that upon the trial he could be prepared with appropriate evidence to meet the accusation. The lawfulness of the process is an essential part of the offense, and it must be established by proof before a conviction can be had of assault in the second degree. The facts from which the legal conclusion follows that the process or mandate was lawful, must be alleged before that proof can be received.

While the indictment does not set forth the crime of assault in the second degree, it does describe the charge of assault in the third degree. *Penal Code,* § 219. This is obvious without argument. The facts stated, therefore, do constitute a crime, and hence this demurrer must be disallowed. *Code Crim. Pro.* §§ 323, 326, and 444.

The defendant, at his election, may put in a plea to the indictment before the next court of Oyer and Terminer, to be held in Oswego county, at such time as such court may designate; and if he does not plead at the time so designated, judgment may be pronounced against him for assault in the third degree. *Code Crim. Pro.* § 330; *Penal Code,* §§ 5, 6, 219 and 222.